IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Louis Wilson, Jr., | ) | Civil Action No. 4:10-70157-TLW |
| | ) | Criminal No. 4:07-1427-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, David Louis Wilson, Jr. ("Petitioner" or "Defendant"). On September 2, 2008, a federal grand jury returned a six-count superseding indictment against Defendant and co-defendants. (Doc. # 90). On November 3, 2008, Defendant pled guilty to Count 1 of the superseding indictment which charged Defendant with knowingly and intentionally conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 and 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(D). (Doc. # 199). On February 27, 2009, Defendant was sentenced to one hundred seventy (170) months. (Doc. # 287). Defendant did not file an appeal.

Petitioner filed the present action on February 26, 2010, alleging that the sentence he received violates his right to equal protection as provided in the Due Process Clause of the Fifth Amendment and violates the Eighth Amendment's prohibition against cruel and unusual punishment. (Docs. # 333 and 334). The United States of America ("Government") filed a motion for summary judgment and Response on April 9, 2010. (Docs. # 340 and 341). Pursuant

1

to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed September 7, 2010 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 357). Petitioner filed a response in opposition to the motion for summary judgment and a cross-motion for summary judgment on October 12, 2010. (Doc. # 360). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a

28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has filed a response and motion for summary judgment. (Doc. # 341 and 340). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner asserts the sentence he received violates his right to equal protection as provided in the Due Process Clause of the Fifth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. # 334). Petitioner contends that scientific testing and data collection refute the reasons put forth in support of the disparity between cocaine and crack sentences. (Doc. # 334). Petitioner argues the disparate mandatory minimums are arbitrary, and "Congress's failure to act in the face of all this evidence has resulted in numerous sentences, including Mr. Wilson's, that violate the Eighth Amendment." Id. Petitioner argues further that Congress's failure to act also violates Petitioner's Equal Protection rights.

In Petitioner's response to the Government's motion for summary judgment, Petitioner notes that he withdraws his Eighth Amendment claim. As this claim has been withdrawn, this Court will not address the issues raised concerning the Eighth Amendment's prohibition against cruel and unusual punishment.

The Government first argues that Petitioner could have raised questions concerning the constitutionality of 21 U.S.C. § 841 on direct appeal, but chose not to do so. The Government argues this failure causes his claim to be procedurally defaulted, and he cannot demonstrate some form of cause which excuses the procedural default. See United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999).

The Government also contends federal courts have addressed equal protection challenges to the penalties imposed under 21 U.S.C. § 841 and asserts that courts have universally found the

4

challenges to be meritless. The Government cites to several cases in support of its position, including United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995); United States v. Clary, 34 F.3d 709 (8th Cir. 1994); United States v. Wimbley, 553 F.3d 455, 463 (6th Cir. 2009); United States v. Irizzary, 322 Fed. Appx. 153 (3d Cir. 2009). The Government also cites to a more recent, unpublished Fourth Circuit opinion which noted, "This court has repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process." United States v. Lane, 2009 WL 3775156 at *1 (4th Cir. 2009) (unpublished) (citations omitted). This Court also noted, "[T]he 2007 amendments to the Sentencing Guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses." Id.

This Court finds the Government's position persuasive. After review of the relevant caselaw, this Court holds that the Petitioner's argument is without merit.[1] The caselaw clearly supports a finding that 21 U.S.C. § 841 does not violate the equal protection clause. Moreover, this Court finds that the implementation of the "Fair Sentencing Act of 2010" does not alter the Court's analysis. In an unpublished opinion, the Fourth Circuit held, "To the extent Evans also argues that the sentencing disparity between powder and crack cocaine offenses violates the Equal Protection or Due Process Clause, we find his claim to be without merit." U.S. v. Evans, 2010 WL 4745624 at FN* (4th Cir. 2010) (unpublished). See also United States v. Wilson, 2010 WL 4561381 (4th Cir. 2010). Furthermore, this Court finds the caselaw cited herein also controls any new claims for relief first asserted in Petitioner's response to the Governments motion for summary judgment. Accordingly, Petitioner's request for relief is denied.

---

[1] The Court notes that Petitioner's guideline range (prior to a 5K1.1 downward departure motion being considered) was ultimately determined based on defendant's status as a career offender, and not on the drug amounts in the case.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 333), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 340), and this action is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. The Court concludes that it is appropriate to issue a certificate of appealability as to the issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten\
TERRY L. WOOTEN\
United States District Judge

October 25, 2011\
Florence, South Carolina